# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

JASON SCHIEDENHELM,

    Plaintiff,

-vs-                              CASE NO.:

EQUIFAX INFORMATION
SERVICES LLC;

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Jason Schiedenhelm (hereinafter "Plaintiff"), sues Defendant, Equifax Information Services, LLC, and in support thereof respectfully alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*.

## PRELIMINARY STATEMENT

1. The Consumer Financial Protection Bureau has noted, "experience indicates that [Credit Reporting Agencies] lack incentives and under-invest in accuracy" Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURISDICTION

2. Jurisdiction for this Court is conferred by 28 U.S.C. § 1331, as this action involves violations of the FCRA.

3. Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

4. Venue is proper in this District as Plaintiff is a natural person and a resident of Pasco County, Florida; the violations described in this Complaint occurred in this District; and the Defendant transacts business within this district.

5. Plaintiff is a "consumer" as defined by the FCRA.

6. Equifax Information Services, LLC ("Equifax") is a corporation with its principal place of business located at 1550 Peachtree Street NW, Atlanta, GA 30309, authorized to conduct business in the State of Florida through its registered agent, Corporation Service Company, located at 1201 Hays Street, Tallahassee, FL 32301.

7. Equifax is a "consumer reporting agency," as defined in 15 USC § 1681(f). Upon information and belief, Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

8. Equifax disburses such consumer reports to third parties under contract for monetary compensation.

## FACTUAL ALLEGATIONS

9. Plaintiff began the process of purchasing a new home in early 2021.

10. During the mortgage application process, it came to Plaintiff's attention that Equifax was reporting a (non-party) "Frontier" telecommunications account on Plaintiff's Equifax credit report.

11. Plaintiff has never had any account or business with Frontier.

12. Plaintiff called Frontier who advised that the account number appearing on Plaintiff's credit report was associated with services associated with a woman in Rochester, New York.

13. Plaintiff has never even been to New York; much less applied for telecommunication services in Rochester, New York.

14. Plaintiff's lender advised that due to the Frontier account appearing on his credit report he would still be eligible for his new home purchase; however, he would be required to put an additional $17,000 deposit down and his interest rate would be 4.25% instead of the 3.5% originally offered.

15. Plaintiff attempted to call Equifax by phone to discuss the situation; however, he was unable to answer security questions allegedly related to his credit file and the agent he spoke to advised he could not access his file without those answers.

16. Ultimately, Plaintiff came up with the additional deposit and accepted the higher interest rate on his new home purchase because he was unsure what other option he had.

17. Due to the actions and/or inactions of Equifax, Plaintiff has suffered from a financial loss.

18. Due to the actions and/or inactions of Equifax, Plaintiff has suffered from unwanted and unnecessary stress, worry, embarrassment, fear, frustration, anger, and sleeplessness.

## COUNT I
## Violation of the Fair Credit Reporting Act

19. Plaintiff re-alleges and incorporates paragraphs 1 through 18 above as if fully set forth herein.

20. Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff.

21.     As a result of this conduct, action and inaction of Equifax, Plaintiff suffered by having to pay an increased deposit on his home; having to pay an increased interest rate on his home loan; and the emotional distress outlined in this Complaint.

22.     Equifax's conduct, action, and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent, entitling the Plaintiff to recover under 15 USC § 1681o.

23.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, Equifax, for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

Respectfully Submitted,

*/s/ Frank H. Kerney, III, Esq.*
Frank H. Kerney, III, Esq.
Florida Bar No.: 88672
Morgan & Morgan, Tampa, P.A.

> 201 N. Franklin St., Suite 700
> Tampa, Florida 33602
> Telephone: 813-577-4729
> Facsimile: 813-559-4831
> FKerney@ForThePeople.com
> MMartinez@forthepeople.com
> *Counsel for Plaintiff*